Peter Dubowsky, Esq.
Nevada Bar No. 4972
DUBOWSKY LAW OFFICE, CHTD.
330 South Third Street
Suite 680
Las Vegas, Nevada 89101
(702) 360-3500
Fax (702) 360-3515
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH<br><br>    Plaintiff,<br><br>vs.<br><br>STEPHENS AND MICHAELS ASSOCIATES, INC.<br><br>    Defendants | Case No.: 2:13-CV-00372-GMN-VCF |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, STEPHENS AND MICHAELS ASSOCIATES, INC. ("Defendant"), by and through its counsel of record, Peter Dubowsky, Esq. of the DUBOWSKY LAW OFFICE, CHTD., hereby Answers the Complaint of Plaintiff, TIM TOTH, admitting, denying, and alleging as follows:

## **JURIDICTION**

1.    Defendant ADMITS that this Court has jurisdiction over Fair Debt Collection Practices Act actions pursuant to 15 U.S.C. §1692k(d), but denies all the remaining allegations contained in Paragraph 1.

2.    Defendant DENIES each and every the allegation contained in Paragraph 2.

3.    Defendant ADMITS each and every allegation contained in Paragraph 3.

- 1

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and therefore DENIES the same.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and therefore DENIES the same.

6. Defendant admits that it is properly registered in Nevada as a Foreign Collection Agency and admits the remaining allegations contained in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and therefore DENIES the same.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and therefore DENIES the same.

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### The Debt

9. Defendant ADMITS each and every allegation contained in Paragraph 9.

10. Defendant ADMITS each and every allegation contained in Paragraph 10.

11. Defendant ADMITS each and every allegation contained in Paragraph 11.

12. Defendant ADMITS each and every allegation contained in Paragraph 12.

## STEPHENS AND MICHAELS Engages in Harassment and Abusive Tactics

### FACTS

13. Defendant DENIES each and every allegation contained in Paragraph 13.

14. Defendant DENIES each and every allegation contained in Paragraph 14.

### PLAINTIFF SUFFERED ACTUAL DAMAGE

15. Defendant DENIES each and every allegation contained in Paragraph 15.

16. Defendant DENIES each and every allegation contained in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore DENIES the same.

### RESPONDEAT SUPERIOR LIABILITY

18. Defendant DENIES each and every allegation contained in Paragraph 18.

19. Defendant DENIES each and every allegation contained in Paragraph 19.

20. Defendant DENIES each and every allegation contained in Paragraph 20.

21. Defendant DENIES each and every allegation contained in Paragraph 21.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and therefore DENIES the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and therefore DENIES the same.

24. Defendant admits the language of 47 U.S.C. §227(a)(1), but denies utilizing the ATDS as defined in that statute.

25. Defendant DENIES each and every allegation contained in Paragraph 25.

26. Defendant DENIES each and every allegation contained in Paragraph 26.

27. Defendant DENIES each and every allegation contained in Paragraph 27.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

28. Defendant DENIES each and every allegation contained in Paragraph 28.

29. Defendant DENIES each and every allegation contained in Paragraph 29.

30. Defendant DENIES each and every allegation contained in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and therefore DENIES the same.

32. Defendant DENIES each and every allegation contained in Paragraph 32.

33. Defendant DENIES each and every allegation contained in Paragraph 33.

34. Defendant ADMITS that a debt collector has the burden of showing that it had the consumer's prior express consent to place autodialed or pre-recorded calls to a consumer's wireless telephone, but DENIES making such calls without consent and DENIES the remaining allegations contained in Paragraph 34.

## COUNT I
### Violations of the FDCPA – 15 U.S.C.§ 1962, *et seq.*

35. The Defendant incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

36. Defendant DENIES each and every allegation contained in Paragraph 36.

37. Defendant DENIES each and every allegation contained in Paragraph 37.

38. Defendant DENIES each and every allegation contained in Paragraph 38.

39. Defendant DENIES each and every allegation contained in Paragraph 39.

40. Defendant DENIES each and every allegation contained in Paragraph 40.

41. Defendant DENIES each and every allegation contained in Paragraph 41.

42. Defendant DENIES each and every allegation contained in Paragraph 42.

43. Defendant DENIES each and every allegation contained in Paragraph 43.

## COUNT II
### Invasion of Privacy by Intrusion upon Selection and by Revelation of Private Financial Facts to Third Party

44. The Defendant incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

45. Defendant ADMITS the preamble language of 15 U.S.C. §1692(a), but DENIES that any cause of action for alleged "invasion of privacy" exists in this case.

46. Defendant ADMITS the language of 15 U.S.C. §6801(a), but the remaining allegations contained in Paragraph 46.

47. Defendant DENIES each and every allegation contained in Paragraph 47.

48. Defendant DENIES each and every allegation contained in Paragraph 48.

49. Defendant DENIES each and every allegation contained in Paragraph 49.

50. Defendant DENIES each and every allegation contained in Paragraph 50.

51. Defendant DENIES each and every allegation contained in Paragraph 51.

## COUNT III
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

52. The Defendant incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

53. Defendant DENIES each and every allegation contained in Paragraph 53.

54. Defendant DENIES each and every allegation contained in Paragraph 54.

55. Defendant DENIES each and every allegation contained in Paragraph 55.

56. Defendant DENIES each and every allegation contained in Paragraph 56.

## COUNT IV
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.*

57. The Defendant incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

58. Defendant DENIES each and every allegation contained in Paragraph 58.

59. Defendant DENIES each and every allegation contained in Paragraph 59.

60. Defendant DENIES each and every allegation contained in Paragraph 60.

61. Defendant DENIES each and every allegation contained in Paragraph 61.

WHEREFORE, Defendant, STEPHENS AND MICHAELS ASSOCIATES, INC., prays that Plaintiff go and take nothing by way of their Complaint, Claims for Relief, and Prayer for Relief, alleged therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state any cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff granted Defendant prior express consent to place calls to Plaintiff's telephone.

### THIRD AFFIRMATIVE DEFENSE

To the extent any FDCPA violation would even exist, the Defendant would not be liable because the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not violated the laws of regulations of the United States or the State of Nevada with regard to any Plaintiff or any other individual or member of this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged cause of action set forth therein, may be barred by the doctrines of accord and satisfaction, arbitration and award, assumption of risk contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver by reason of Plaintiff's conduct, actions and omissions.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant did not use an automatic telephone dialing system when calling Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Neither Defendant nor its servants or agents failed to satisfy any duty owed with regard to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff brought this action in bad faith and tor the purpose of harassment.

## NINTH AFFIRMATIVE DEFENSE

Neither Defendant nor its servants or agents caused Plaintiff to suffer any emotional distress, indignity, embarrassment, humiliation, annoyance, or inconvenience or caused any harm, loss or damages whatsoever to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Neither Defendant nor its servants or agents failed to satisfy any duty owed with regard to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to F.R.C.P 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Defendant's Answer; therefore, Defendant reserves the right to amend his Answer to allege additional affirmative defenses if subsequent investigation warrants.

Dated: March 29, 2013

DUBOWSKY LAW OFFICE, CHTD.

By:_____
Peter Dubowsky, Esq.
Nevada Bar No. 4972
330 South Third Street Suite 680
Las Vegas, Nevada 89101
(702) 360-3500
Fax (702) 360-3515
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2013 the DEFENDANT'S ANSWER TO COMPLAINT was deposited in a sealed envelope, postage pre-paid, in the United States Mail, addressed as follows:

George Haines, Esq.
HAINES & KRIEGER, LLC
5041 North Rainbow Boulevard
Las Vegas, NV 89130
Attorney for Plaintiff

_____
An employee of Dubowsky Law Office, Chtd.