Peter Dubowsky, Esq.
Nevada Bar No. 4972
DUBOWSKY LAW OFFICE, CHTD.
330 South Third Street, Suite 680
Las Vegas, Nevada 89101
(702) 360-3500
Fax (702) 360-3515
Attorney for Defendant
       STEPHENS AND MICHAELS ASSOCIATES, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH | ) Case No.: 2:13-CV-00372-GMN-VCF |
| | ) |
| Plaintiff, | ) **DEFENDANT'S REPLY TO** |
| | ) **PLAINTIFF'S RESPONSE TO MOTION** |
| vs. | ) **TO DISMISS FIRST AMENDED** |
| | ) **COMPLAINT** |
| STEPHENS AND MICHAELS | ) |
| ASSOCIATES, INC.; and MEAGAN | ) |
| JAFFARIAN, inclusive, | ) |
| | ) |
| Defendants | ) |

STEPHENS AND MICHAELS ASSOCIATES, INC. ("Defendant" or "SMA"), by

and through their counsel of record, Peter Dubowsky, Esq. of the Dubowsky Law Office,

Chtd., hereby replies to Plaintiff's response to its motion to dismiss Plaintiff's First

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  This Reply is

based on these Points and Authorities herein, and all papers on file with this Court.

Dated:   December 30, 2013

                                    DUBOWSKY LAW OFFICE, CHTD.

                                    By:  /s/Peter Dubowsky
                                         Peter Dubowsky, Esq.
                                         Nevada Bar No. 4972
                                         330 South Third Street Suite 680
                                         Las Vegas, Nevada 89101
                                         (702) 360-3500
                                         Fax (702) 360-3515
                                         Attorney for Defendant
                                             Stephens and Michaels Associates

– 1

**POINTS AND AUTHORITIES**

I.    SUMMARY OF REPLY

      All four causes of action of the Amended Complaint must be dismissed in their entirety.  As to the First Claim for Relief under the FDCPA, the Amended Complaint fails to plead facts that that give rise to 1) actionable "egregious" conduct under 15 U.S.C. §1692d; there is no allegation of any specific illegal threats under 15 U.S.C. §1692d; there are no materially false representations or deceptive means alleged under 15 U.S.C. §1692e(10), nor specific "unfair and unconscionable" means in collection activity that fall under 15 U.S.C. §1692f, nor sufficient facts to state a claim for FDCPA violations that are plausible on their face.  Therefore, Count I's FDCPA violations must be dismissed under Rule 12(b)(6).  The Plaintiff has failed to plead enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1]

      As to Count II for an alleged state law cause of action for invasion of privacy, the Plaintiff's Response does not even attempt to argue that it has properly plead any cause of action under Nevada law.  The Amended Complaint does not even plead the elements of any Nevada law invasion of privacy tort, either for "publicity" or for "highly offensive intentional intrusion."

      As to Counts III and IV for alleged TCPA violations, <u>the Plaintiff does not dispute that he granted prior express consent to the original creditor.</u>  The Plaintiff completely confuses "authenticity" for purposes of a 12(b)(6) Motion, and "authenticated evidence" for purposes of a summary judgment motion.  The Ninth Circuit, however, is clear that a motion to dismiss may be granted based on extrinsic evidence, where the non-moving party

---

[1] <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (*citing* <u>Twombly</u>, 550 U.S. at 556) .

DUBOWSKY LAW OFFICE, CHTD.

does not dispute that the extrinsic document is what the moving party purports it to be.[2] "[W]hen the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true."[3]   The Plaintiff does not question the authenticity of the document that irrefutably proves that he granted prior express consent. Therefore, Toth has no claim for relief under the TCPA and Counts III and IV must be dismissed.

II.      The Plaintiff has Failed to Plead Any Plausible FDCPA Claim in Count I.

In Count I of the Amended Complaint, Plaintiff fails to plead violations under either 15 U.S.C. §1692d, §1692e, §1692e(10) or §1692f.

A.   Plaintiff Makes No Plausible Claim under §1692d.

There are no facts to support a §1692d claim for alleged "conduct the natural consequence of which is to harass, oppress or abuse."  As stated in Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) "A plaintiff carries the burden of proving that a defendant debt-collector placed abusive phone calls." Id. at 1124.  What is remarkable is that the Plaintiff has a transcript of the dialog in the two phone calls between Plaintiff and SMA, and summarizes the transcript in his Response (page 3 of 19 note 1) and the Amended Complaint allegations fail to give rise to a plausible cause of action, and those

---

[2] Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152 (9th Cir., 2012).

[3] Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The consideration of the document does "not convert the motion to dismiss into a motion for summary judgment." Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) citing Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991).

<u>allegations do not even match the transcript</u>.  Notwithstanding, for purposes of this Reply, we will look to the sufficiency of the Amended Complaint.

For starters, to give rise to a plausible claim under §1692d, there must be "egregious" conduct by the debt collector.   <u>Arteaga v. Asset Acceptance, LLC</u>, 733 F.Supp.2d 1218, 1229 (E.D. Cal. 2010).  "Although there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment, while other conduct fails to establish harassment as a matter of law." <u>Id.</u> at 1227.  As set forth in the Motion, in order to show plausible facts of harassment, oppression or abuse under §1692d, the Plaintiff must show that the Defendant's conduct did "rise to the level of harassment under Section 1692d."[4] The Plaintiff must show "egregious conduct."[5]  "[T]he examples of oppressive conduct listed in §1692d concern tactics <u>intended</u> to embarrass, upset, or frighten a debtor." <u>Harvey v. Great Seneca Financial Corp.</u>, 453 F.3d 324, 330 (6th Cir. 2006)(emphasis added) "Courts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." <u>Id.</u>  For example in <u>Lashbrook v. Portfolio Recovery Assocs.</u>, LLC (E.D. Mich., 2013), the district court held that "rude," "demanding," and making [the plaintiff] feel like she was "not a good person" was insufficient to prove a violation of §1692d.

In <u>Arteaga</u>, the plaintiff argued that the collection agency was "unprofessional" and that the collector threatened her by telling her that they "could attach [her] bank accounts

---

[4] <em>See</em> <u>Arteaga</u>.

[5] <u>Id.</u>

DUBOWSKY LAW OFFICE, CHTD.

DUBOWSKY LAW OFFICE, CHTD.

with or without" her "sending them the correspondence."[6] The Court granted summary judgment in favor of the collection agency.  The Court in <u>Arteaga</u> stated, "some conduct does not constitute harassment as a matter of law."[7]  For example, in <u>Gallagher v. Gurstel, Staloch & Chargo, P.A.</u>, 645 F.Supp.2d 795 (D. Minn., 2009), a debt collector employee's laugh while discussing the holds on a debtor's bank account, was not harassing, oppressive or abusive.  The Court stated "[Plaintiff] identifies no other conduct—no profanities, no name calling, no insults, no unwanted calls, no disclosure of private information to third parties, nothing—that could reasonably be deemed harassing, oppressive, or abusive."[8]  The <u>Gallagher</u> Court went on to state:

> <u>[The employee's] laugh is not remotely comparable to the type of conduct that has been found to give rise to liability under § 1692d.</u> *See, e.g., Horkey v. J.V.D.B. & Assocs., Inc.,* 333 F.3d 769, 773-74 (7th Cir.2003) (finding § 1692d violation where defendant, who had been told not to call plaintiff at work, called plaintiff's coworker and said "tell Amanda to stop being such a [expletive] bitch")[9]

In granting the debt collector's motion for summary judgment, the Court concluded, "Section 1692d is meant to provide a remedy for harassment, oppression, and abuse, <u>not for bad manners.</u>"[10]

In <u>Thomas v. LDG Financial Services, Inc.</u>, 463 F.Supp.2d 1370 (N.D. Ga., 2006), the Court granted a debt collector's motion to dismiss under §1692d where the plaintiff

---

[6] <u>Id.</u> at 1223.

[7] <u>Arteaga</u> at 1229.

[8] <u>Id.</u> at 799.

[9] <u>Id.</u> (empahasis added)

[10] <u>Id.</u> (emphasis added)

DUBOWSKY LAW OFFICE, CHTD.

alleged that the collection agency stated "they [i.e., the creditor] were going to get their money one way or the other."[11]  In addition, the plaintiff alleged that the collector yelled that "Georgia is a garnishable state," and hung up the phone.  The plaintiff also alleged that, after she called the collection agency back, the collector stated, "you make the same salary when you were paying the bills so what's the problem now?"[12]

In <u>Pearce v. Rapid Check Collection, Inc.</u>, 738 F.Supp. 334, 339 (D.S.D. 1990), the Court held that "threats [of civil suit] which defendants made were ones which legally could be taken, and in fact were taken."  Therefore, the Court found no violation of §1692d. In <u>Brown v. ACB Business Servs., Inc.</u>, 1996 WL 469588 (S.D.N.Y. Aug.16, 1996), the Court held that two phone calls with a demeaning and defensive tone were not harassment. In <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1178 (11th Cir. 1985), the Eleventh Circuit held that:

> [I]t is clear that, when read in context, [1692d(2)] was meant to deter offensive language which is at least akin to profanity or obscenity.  Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks.

In <u>Clark v. Capital Credit & Collection Servs.</u>, Inc., 2004 WL 1305326 (D. Or. Jan. 23, 2004), the Court stated that informing a debtor that a litigation remedy could be invoked did not violate 1692d where there was no profane, obscene language or threat of physical harm or violence.  In <u>Bassett v. I.C. Sys., Inc.</u>, 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010) the Court held that rude language does not by itself violate §1692d.

---

[11] <u>Id.</u> at 1372.

[12] <u>Id.</u>

In <u>Baker v. Allstate Financial Services, Inc.</u>, 554 F.Supp.2d 945 (D. Minn., 2008), the debt collector stating that consumer's "case" was "urgent" and "time sensitive" was not sufficiently harassing, oppressive, and abusive to violate the Act.    In <u>Caulfield v. Am.Account & Advisors</u>, 2013 WL 1953314 (D. Minn), the court stated, "Indeed, '[y]elling and rude language, while disrespectful, does not by itself violate § 1692d.'" *citing* <u>Majeski v. I.C. Sys, Inc.</u>, No. 08 CV 5583, 2010 WL 145861, at *4 (N.D. Ill. Jan. 8, 2010) (citations omitted); *see* <u>Unterreiner v. Stoneleigh Recovery Assocs., LLC</u>, No. 09 C 7042, 2010 WL 2523257, at *2 (N.D. Ill. June 17, 2010) ("[W]hile rude and unpleasant, the fact that [a debt collector] employee 'screamed' at plaintiff is also insufficient." (citations omitted)).

The conduct alleged by Toth in the Amended Complaint is not remotely comparable to conduct that the courts have found to be a violation.  To get an understanding of what language and conduct constitutes a violation of the statute, in <u>Turner v. Cook</u>, 362 F.3d 1219, 1224 (9th Cir., 2004), it was alleged that stating "You dirty Jew, I'll take everything away from you" would potentially be a violation of §1692d, except that there was no underlying "debt."  In <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507 (9th Cir. 1994), the Court found that threats of garnishment, demands for overnight payment, and calling the debtor at work after requesting that she not be called at work, were violations of §1692d.  In <u>Chiverton v. Federal Financial Group, Inc.</u>, 399 F.Supp.2d 96 (D. Conn., 2005), the debt collector's agent called a woman in her 70's, commented on her age, mental acuity and activity, and calling her repeatedly after being told not to contact her again, was an FDCPA violation.

Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117 (D. Nev. 2008) involved a pattern of illegal third-party communication, and demonstrates the high threshold to support a claim under §1692d.   In Kerwin, the collection agency called the plaintiff, who was suffering from cancer, who told the consumer to "[G]o ahead and sue [the collection agency]" then subsequently called again repeatedly, after being told to cease communication.   Again, this type of egregious conduct is not comparable to the conduct alleged by Toth in the Amended Complaint.

The Plaintiff cites to Kuhn v. Account Control Tech., 865 F.Supp. 1443, 1452-53 (D.Nev.1994), which is a §1692d(5)[13] case, alleging repeated calls to the plaintiff.   In Kuhn, a collection agency harassed the consumer in violation §1692d(5) when, after the plaintiff hung up on the collector, the collector recalled plaintiff's place of employment two additional times within a 5 minute period, and a total of 6 calls to Kuhn's place of employment in 24 minutes.   Toth is not alleging violations of §1692d(5).

The Plaintiff cites to Pittman v. J.J. MacIntyre Co of Nevada, Inc., 969 F.Supp. 609, 613-4 (D. Nev. 1997), where a debt collector called the consumer's place of employment after the consumer told the defendant many times that she could not talk at work.   Toth does not allege that SMA called him after any request to cease communication.   Likewise, in Robinson v. Managed Receivable Corp., 654 F.Supp.2d 1051 (C.D. Cal. 2009), the debt collector called the consumer's workplace, knowing that she could not accept calls there.

---

[13] "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  Toth's Amended Complaint does not allege any violations of §1692d(5).

Dubowsky Law Office, Chtd.

Toth does not allege any conduct comparable to this in support of his Amended Complaint's §1692d allegations.

The Plaintiff also cites to <u>Basinger-Lopez v. Tracy Paul & Assoc.</u>, 2009 WL 1948832 (N.D. Cal. July 6, 2009), which is a default judgment against a debt collector where none of the facts are comparable to what Toth alleges in this case.  In <u>Basinger</u>, a debt collector made a phone call telling the consumer she was "being sued" and to settle her case that day.  The collector threatened to contact relatives, neighbors and employers, accursed the consumer of "stealing," then made more threatening phone calls and a letter threatening legal action over approximately three-week period.  The debt collector also engaged in a campaign of unlawful harassment, threats, misrepresentations, and other misconduct in violation of multiple FDCPA provisions.  The debt collector persisted in contacting the consumer even after being expressly instructed not to do so, and failed to provide her with any of the notices required by law.  How is the <u>Basinger-Lopez</u> conduct comparable to the allegations in Toth's Amended Complaint?

Toth also cites to <u>Herbert v. Wexler & Wexler</u>, 1995 WL 535107, *2 (N.D.Ill. Sept.5, 1995), wherein a debt collector threatened to contact a third party [such as a debtor's employer] in connection with the collection of a debt.   The court concluded, "[T]he court finds that Defendants' threat of trouble and expense, in conjunction with their warning that they will do whatever necessary to compel Plaintiff to pay the debt, might be construed as language the natural consequence of which is to harass, oppress or abuse the debtor."  How is the intimidation of <u>Wexler & Wexler</u> comparable to what Toth alleges in his Amended Complaint?

DUBOWSKY LAW OFFICE, CHTD.

– 9 –

Having surveyed the high level of egregious conduct that Toth must plead and prove to make a case under §1692d, let us now turn to what the plaintiff is alleging. In doing so, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.[14]  Toth alleges in his Response (page 7 of 19 lines 18-26) that he requested that SMA "stop calling him on his cell phone," but there is no allegation that SMA ever called again after this alleged request. Toth also alleges that SMA's collector said that they have the right to call anyone who refuses to pay their debts. In that SMA is a collection agency,[15] it is a "truism" that the collection agency can call Toth, who is alleged by the creditor to refuse to pay his debt to them.  "Merely advising the debtor of the agency's options with which to pursue the debt is the sort of truism that is legally insufficient to violate [the FDCPA]." Sparks v. Phillips & Cohen Associates, Ltd., 641 F.Supp.2d 1234, 1249 (S.D. Ala., 2008)

In an effort to avoid dismissal, Toth incorrectly alleges that SMA told him he has no rights under the FDCPA or TCPA. (Toth's Response Page 7 of 19 line 20-21)  It is unfortunate that Toth alleges facts that he knows are not correct. The transcript of the two telephone calls between Toth and SMA have been produced in September 2013, and Toth attached the transcripts to his unsuccessful Motion for Summary Judgment (Document 13, Attachments: # 1 Exhibit A, February 28, 2013 Phone Call).  Yet Toth reiterates this untrue allegation, after having the opportunity to correct or clarify, and elects not to. Notwithstanding, even if accepted as true, the statement does not rise to a plausible violation of the §1692d, in that the statement was not harassing or oppressive.  Nor is the

---

[14] Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

[15] Amended Complaint Paragraph 6.

– 10 –

statement deceptive as alleged in Toth's Response, because it is not <u>materially misleading</u>. (see <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027 (9th Cir. 2010))

Toth also attempts to argue in his Response (Page 7 of 19 lines 22-23) that SMA stated to Toth that, in summary, the creditor could recall the account from SMA and then the creditor could re-send the account to another collection agency.  This is not even a threat of any action that SMA, as a debt collector, is threatening to take.   SMA was advising Toth that re-assigning the debt to another agency is a right that the collector has, in the event that SMA cannot successfully collect the debt.  This is also a "truism," advising Toth of the creditor's options available to pursue the debt.  (*See* <u>Sparks v. Phillips & Cohen Associates, Ltd.</u>, 641 F.Supp.2d 1234, 1249 (S.D. Ala., 2008))

Toth also attempts to argue that SMA "failed or was unable (or unwilling) to provide Plaintiff with details regarding the debt."   (Page 7 of 19 lines 24-25).   The Amended Complaint tenders only this "'naked assertion[s]' devoid of 'further factual enhancements.'" <u>Id.</u>[16] For clarification, Toth does not argue in any way that SMA allegedly violated the FDCPA by failing to provide validation of the debt[17].   In addition, the Defendant cites to no authority for the proposition that the allegation gives rise to a §1692d violation.

Finally, the Plaintiff alleges that, in the context of the telephone dialogue about the debt, SMA's collector asked, "Sir, why are you avoiding this?"  Toth argues that allegedly claiming that he was avoiding this was an egregious violation of §1692d.  Toth cites to no authority for this argument.   To the contrary, as set forth above in cases construing the

---

[16] Q*uoting* <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. at 1966.

[17] *See* 15 U.S.C. §1692g.

DUBOWSKY LAW OFFICE, CHTD.

FDCPA, asking such a question in the context of a dialogue does not rise to the level of harassment, oppression, or abuse, nor is it comparable to any conduct that has been held to be a violation of the FDCPA.

B. Plaintiff Makes No Claim under §1692e.

Neither the Amended Complaint nor Toth's Response alleges any violation of §1692e. Section 1692e of the FDCPA states it is a violation to make a "threat to take any action that cannot legally be taken." Although Toth's Response to the Motion to Dismiss is admittedly confusing in that it the analysis of the alleged FDCPA violations are mixed together, it does not appear that Plaintiff has alleged any such §1692e "threat," either in the Amended Complaint, or in Toth's Response to the Motion to Dismiss. As discussed above, the discussion about the creditor's right to pull an account and re-send it to another collection agency is not a threat at all. Therefore, any alleged claim under §1692e for alleged "threats that cannot legally be taken" must be dismissed.

C. Plaintiff Makes No Plausible Claim under §1692e(10).

The Plaintiff ignores the more stringent Ninth Circuit authority on pleading a claim under §1692e(10) for "false representation or deceptive means to collect." In Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit quoted the Seventh Circuit in Hahn v. Triumph Partnerships, LLC, 557 F.3d 755 (7th Cir.2009) with approval, wherein Chief Judge Easterbrook concluded for a panel of the Seventh Circuit that a false or misleading statement is not actionable under §1692e unless it is material. (emphasis added) The Ninth Circuit explained in Donohue[18]:

---

[18] Id. at 1033.

With reasoning that we consider persuasive, Chief Judge Easterbrook observed that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." Id. at 757 . . . There is no "reason why materiality should not equally be required in an action based on §1692e." Id. The purpose of the FDCPA, "to provide information that helps consumers to choose intelligently," would not be furthered by creating liability as to immaterial information because "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Id. at 757-58. The Seventh Circuit framed materiality as a corollary to the well-established proposition that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." Id. at 758 . . . Thus, "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id. The Sixth Circuit has reached the same conclusion. See Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir.2009) (concluding that a false but non-material statement is not actionable under § 1692e).

Toth's Response asserts that it was "false and misleading" for the Defendant to make the representation that SMA has the right to call someone who refuses to pay their debts. Toth's Response ignores the "materiality" requirement of a cause of action under §1692e(10), and attempts to argue that this statement is allegedly deceptive because, in theory, Toth "had numerous methods at his disposal to cease collection efforts."[19]   For clarification, there is no allegation that SMA ever called Plaintiff after he requested that SMA cease communication.  At the time SMA allegedly made the statement, SMA had the right to call Toth.  In fact, a debt collector still has the right to call a consumer even after the debt collector is told to cease and desist.[20]  Therefor, if Toth wants to remove the case

[19] Response Page 10 lines 21-23.  The Plaintiff cites to Gager v. Dell Fin. Servs., LLC (3rd Cir., 2013), which is not an FDCPA case.

[20] 15 U.S.C. §1692c(c)(1),(2) and (3).

Dubowsky Law Office, Chtd.

from materiality, and argue the theoretical, then there is still no "deception" in the alleged statement.   The Plaintiff has failed to explain how this alleged statement is materially misleading, even if the Plaintiff can jump through hoops and attempt to explain how the statement could be technically incorrect under other inapplicable theoretical circumstances. Therefore, this statement is not materially misleading.

The Plaintiff argues that the statement, which is not a threat, that the creditor could recall the account from SMA and then the creditor could re-send the account to another collection agency.   This is not only not a threat, because this is not any action that the collection agency is threatening to take, or could take, but a statement of truth that the creditor has the right to revoke the account, if uncollected, and re-send it to another collection agency, who would be contacting the Plaintiff.   Therefore, this statement, a "truism,"[21] it is neither deceptive nor a threat.

D.   Plaintiff Makes No Plausible Claim under §1692f.

The Plaintiff's Amended Complaint fails to plead any alleged violations of §1692f for "unfair or unconscionable means" to collect the debt.  Violations of §1692f are separate and apart from other violations and are therefore codified separately.  The Section states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

---

[21] Sparks v. Phillips & Cohen Associates, Ltd., 641 F.Supp.2d 1234, 1249 (S.D. Ala., 2008).

Dubowsky Law Office, Chtd.

DUBOWSKY LAW OFFICE, CHTD.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Although the prefatory language of §1692f does not limit its application to any of the subsections, the Amended Complaint fails to state any allegedly "unfair and unconscionable" activity that falls under that section.  In fact, the Amended Complaint's failure to cite to any specific subsection of §1692f that was allegedly violated by SMA is still grounds for dismissal.  The Plaintiff cites to the case of Tsenes v. Trans-Continental Credit and Collection Corp., 892 F.Supp. 461 (E.D.N.Y., 1995) in defense of its pleading, however, this reliance is misplaced because the district court in Tsenes dismissed a

complaint for this very same reason.  In <u>Tsenes</u>, the district court dismissed a complaint where the Plaintiff was merely interchanging §1692e with §1692f, without citing to any specific subsection of §1692f.  The district court stated:

> [T]he Complaint alleges that the defendant violated §1692f. The prefatory language of Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect ... any debt." Eight subsections then list various practices which violate the section. Although the defendant's conduct does not fall into any of the categories identified by the subsections, the plaintiff insists that it amounts to "unfair" means used to collect a debt, and that the prefatory language standing alone provides a cause of action.[22]

The district court then dismissed the complaint, holding:

> The plaintiff, therefore, is correct in his view that the prefatory language provides a cause of action. Nonetheless, the Complaint is devoid of support for the contention that the defendant engaged in practices that were "unfair" or "unconscionable" within the meaning of the section; all the allegations in the Complaint support claims asserted under either §§1692g or 1692e. <u>As such, the plaintiff has failed to state a cause of action under §1692f.</u>[23]

The Plaintiff asserts that the alleged violations of §1692d are also alleged violations of §1692f, without further factual enhancements.  Curiously, the Plaintiff attempts to argue that SMA placed an allegedly high volume of calls to the Plaintiff.  However, the Plaintiff does not allege violations of §1692d(5) ("Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.").  Further, the Response simply argues that Plaintiff called 15 times over a period of a month.  The Plaintiff chooses not to cite to any

---

[22] <u>Tsenes</u>, 892 F.Supp. at 465.

[23] <u>Id.</u> at 466 (emphasis added).

DUBOWSKY LAW OFFICE, CHTD.

authority for the proposition that 15 calls over a month is "unfair and unconscionable" under §1692f.  In that the Amended Complaint does not allege facts that plead a plausible cause of action under §1692f by merely regurgitating other allegations that have no nexus to §1692f, those claims must be dismissed.

III.     The Plaintiff has Failed to Plead Any Invasion of Privacy Claim in Count II

There is no such cause of action under Nevada law (or common law) as "Invasion of Privacy by Intrusion Upon Seclusion and by Revelation of Private Financial Facts to Third Party."  The Plaintiff's attempt at pleading an invasion of privacy cause of action is fatally flawed.  Further, the Plaintiff has failed to plead any single invasion of privacy tort, specifically "unreasonable publicity given to private facts" or "highly offensive intentional and unreasonable intrusion upon the seclusion of another."   The Plaintiff's Response concedes this argument by failing to cite to the elements of either of the two state-law species of invasion of privacy under Nevada law.  As more fully set forth in the Motion, and in People for the Ethical Treatment of Animals (PETA) v. Berosini, 110 Nev. 78 (1994) and Kuhn v. Account Control Technology, Inc., 865 F.Supp. 1443 (D. Nev., 1994), invasion of privacy is divided into four species of privacy tort.[24]   In Kuhn, the Court granted summary judgment to the collection agency on the claim for "unreasonable publicity given to private facts."  The Court stated

> The Restatement, upon whose authority the Nevada courts place a great deal of reliance in this area, differentiates between the term "publicity" as it is used in § 652D, and "publication", as that term is used in connection with liability for defamation. See Restatement (Second) of Torts § 652D cmt. a (1977). "Publication", the Restatement explains, "includes any communication by a the defendant to a third

---

[24] Berosini, 110 Nev. at 92-93.

Dubowsky Law Office, Chtd.

> person," while "publicity", on the other hand, "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Id.

In that there was no evidence of "publicity," the district court granted summary judgment for the collection agency.  Likewise in this case, the plaintiff is not alleging any "publicity," and therefore, there is no cause of action for "unreasonable publicity given to private facts."

Further, the Plaintiff did not plead a cause of action for "highly offensive intentional and unreasonable intrusion upon the seclusion of another."  The Plaintiff attempts to argue, without the support of any legal authority, that telephone calls alone are a highly offensive invasion of privacy.  As stated in Berosini and Kuhn, a plaintiff must plead the following elements to prove "unreasonable intrusion of seclusion": (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person."[25]  In Kuhn, the district court found a potential cause of action for "unreasonable intrusion" because the plaintiff had an expectation of privacy at her workplace that was violated, based on "assertions of Kuhn and her co-workers as to the extent of the disruptiveness of the repeated phone calls." (Id. at 1448)  Kuhn involved more than just phone calls directly to the consumer.  Toth's Amended Complaint does not allege any facts that would be an intrusion that would be highly offensive to a reasonable person.

The Plaintiff cites to Panahiasl v. Gurney, 2007 WL 738642 (N.D.Cal. Mar. 8, 2007), which is also strongly distinguishable case construed under California law.   In Panahiasl, the court determined that repeated and continuous calls, including calls to the consumer's place of employment, in an attempt to collect a debt gave rise to a claim for

---

[25] Kuhn at 1448 citing Berosini.

DUBOWSKY LAW OFFICE, CHTD.

intrusion upon seclusion" because the contact continued despite verbal and written cease and desist orders.  In this case, there are no factors that come close to a Nevada cause of action.  Toth neither alleges calls to his place of employment, nor does he allege calls after cease and desist orders, nor any other factors that would be "highly offensive" and "intentional" intrusion.  Plaintiff simply alleges that phone calls themselves are an invasion of privacy, without citation to any authority for this proposition.  There is no plausible cause of action in Plaintiff's Amended Complaint, therefore, Count II must be dismissed.

IV.    The Plaintiff has Failed to Plead TCPA Claims in Count III and IV

SMA has shown prior express consent by the Plaintiff to be contacted and therefore, Counts III and IV must be dismissed.  Toth neither contests the authenticity of the prior express consent, nor does he acknowledge the Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036 (9th Cir., 2012) decision, nor cite to any binding case authority that states that his furnishing his cell phone number to the creditor was not prior express consent.  The hospital record received from the original creditor, Health Management Associates, which is the owner of Lancaster Regional Medical Center is attached to the Motion.  The cell phone number of 678-852-3214 was provided by Plaintiff to the hospital as his contact phone number before any calls were placed.

The Plaintiff does not dispute the authenticity of the hospital admission record that proves his prior express consent.  In other words, Toth does not dispute that the hospital record granting prior express consent is what SMA claims it is.  In Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, (9th Cir., 2012), the Ninth Circuit affirmed a Rule 12(b)(6) dismissal where the non-moving party attempted to argue that the extrinsic document offered and considered in support of the motion to dismiss, was not "authentic."  The Ninth

Circuit disagreed with the plaintiff's as to what constitutes "authentic" extrinsic evidence for purposes of a Rule 12(b)(6) motion and affirmed the dismissal.  The Ninth Circuit held:

> Whether or not [the plaintiff] had access to and reviewed the proffered documents is a matter unrelated to their authenticity—i.e., whether the documents are "what its proponent claims." Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir.2011) (internal citation and quotation marks omitted); see also Fed.R.Evid. 901 (noting that authentication concerns whether "the item is what the proponent claims it is"). Here, Defendants claimed that the documents are copies of the disclosure documents referenced in the FAC. Even assuming these copies were not personally reviewed by [plaintiff] that does not address, much less cast doubt on, whether the copies are accurate reproductions of the original disclosure documents. Therefore, [the plaintiff's] objection was insufficient to challenge the documents' authenticity.  (emphasis added)

Likewise here, Toth doesn't question that the document is what SMA claims it be, i.e. proof of prior express consent.

Toth also attempts to argue that his furnishing his cell phone to the creditor was not prior express consent.  This argument is contrary to the Ninth's Circuit's holding in Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036 (9th Cir., 2012), which is quoted in the Motion and disregarded in Toth's Response.  In Meyer, the Ninth Circuit stated, Pursuant to the FCC ruling [In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd. 559, 565 (Jan. 4, 2008)], prior express consent is consent to call a particular telephone number in connection with a particular debt that is given before the call in question is placed.[26]

---

[26] Id. at 1046 (emphasis added).

DUBOWSKY LAW OFFICE, CHTD.

Toth places his reliance on the recent, controversial decision of <u>Mais v. Gulf Coast Collection Bureau, Inc.</u>, 2013 WL 1899616 (S.D. Fla. May 8, 2013), *cert. granted* (June 10, 2013)  The Florida district court decision, under review, has been strongly criticized for ignoring the FCC's Rulings (the Rulings can only be reviewed by federal courts of appeal), including the 2008 FCC Order, which states that debt collection calls to wireless numbers provided to a creditor, e.g., as a part of a credit application, reasonably evidences prior express consent to be called by the cell.[27]  For example, in <u>Levy v. Receivables Performance Mgmt., LLC</u> 2013 WL 5310166 (E.D.N.Y., September 23, 2013), the district court commented on, and criticized the <u>Mais</u> decision in footnote 11 of its opinion:

> The Court recognizes, as plaintiff points out, that there are district courts that have reviewed and rejected the FCC's rulings on this issue. [citing *Mais*]. However, <u>the overwhelming majority of district courts that have considered this issue have found that the FCC's rulings, including the 2008 TCPA Order, are binding on them (and not subject to review except by the federal courts of appeals)</u>, and have, therefore, found prior express consent in situations where a debtor directly provided his or her cell phone number to the creditor. *See, e.g., Chavez v. Advantage Grp.,* 12-cv-02819-REB-MEH, 2013 U.S. Dist. LEXIS 110522, at *8 (D. Col. Aug. 5, 2013) (rejecting plaintiff's argument that would have the "practical effect of . . . set[ting] aside, annul[ing], or suspend[ing] the 2008 FCC Ruling" and joining "those courts that have found that the 2008 FCC Ruling is binding on the district courts and not subject to review except by federal courts of appeals" (citing cases) (internal quotation marks omitted)); *Greene v. DirecTV, Inc.,* 10 C 117, 2010 U.S. Dist. LEXIS 118270, at *8-9 (N.D. Ill. Nov. 8, 2010) (declining to

---

[27] *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling*, 23 FCC Rcd. 559, 565 (Jan. 4, 2008)

DUBOWSKY LAW OFFICE, CHTD.

address plaintiff's challenge to the FCC's interpretation of "express consent" because "[a] district court must accept the FCC's interpretation of the TCPA as expressed in their regulations and orders" and, thus, such courts have "no jurisdiction to determine the validity of FCC orders"). (emphasis added)

In <u>Chavez v. Advantage Grp.</u>, 12-cv-02819-REB-MEH, 2013 U.S. Dist. LEXIS 110522, at

*8 (D. Col. Aug. 5, 2013), the district court also criticized <u>Mais</u>, stating:

Plaintiff urges the court to find, contrary to the 2008 FCC Ruling, that she did not expressly consent, relying on the district court's decision in <u>Mais.</u>  I am not persuaded.  The <u>Mais</u> court is the only federal district court to conclude that the district courts have jurisdiction to review FCC Rulings, but <u>I find that the analysis on which this conclusion depends to be legally insupportable and refuse plaintiff's invitation to adopt it.</u> (emphasis added)

In <u>Saunders v. NCO Fin. Sys.</u>, 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012), the Levy court

noted that a "concession that plaintiff must make, as the authorities are almost unanimous in

holding that voluntarily furnishing a cellphone number to a vendor or other contractual

counterparty constitutes express consent." *Id.* (citing the Ninth Circuit in <u>Meyer</u>).   The

Saunders court also commented, "Nothing compels a consumer to list his cell phone

number with his counterparty when he opens an account, or to open an account at all, but if

that is the number he chooses to provide, then he cannot complain about being called at that

number."[28]  By undisputedly giving his cell phone number to the creditor before the calls

were placed, the Plaintiff had given prior express consent to the creditor and therefore there

is no alleged TCPA violations.   Counts III and IV of the Amended Complaint must be

dismissed.

---

[28] <u>Id.</u> at 468.

DUBOWSKY LAW OFFICE, CHTD.

## CONCLUSION

Based on the foregoing, the First Amended Complaint must be dismissed in its entirety.

## CERTIFICATE OF SERVICE

I, William Thompson, declare under penalty of perjury that on December 30, 2013, I served the following documents:

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** by first class US mail to the person named below and the address stated below for such person:

George Haines, Esq.
HAINES & KRIEGER, LLC
8985 South Eastern Avenue, Suite 130
Las Vegas, NV 89123
Attorney for Plaintiff

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed in the aforementioned dare above.

 /s/William Thompson
An employee of Dubowsky Law Office, Chtd.