**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tim Toth, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00372-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| Stephens and Michaels Associates, Inc.; and | ) |
| Maegan Jaffarian, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 21) filed by Defendant Stephens and Michaels Associates, Inc. ("SMA"), to which Plaintiff Tim Toth has filed a Response (ECF No. 23), and Defendant SMA has filed a Reply (ECF No. 25). On September 8, 2014, the Court held a hearing in which it granted the Motion in part. At that time, the Court dismissed Count II of the Amended Complaint without prejudice, but denied the Motion as to Plaintiff's other claims. The instant Order sets forth the basis of the Court's ruling.

**I.      BACKGROUND**

This case centers upon allegations that Defendants made numerous phone calls to Plaintiff's cell phone in order to collect upon a debt. (Am. Compl., ECF No. 17). Specifically, Plaintiff alleges that Defendants called Plaintiff fifteen times between January 25, 2013, and February 26, 2013, despite Plaintiff's requests that Defendants stop calling his cell phone. (*Id.* at 3-4). In response to these requests, Defendants allegedly told Plaintiff that they had "the right to call anyone who refuses to pay their debts," and threatened to transfer the debt to another collector who would continue to call Plaintiff's cell phone. (*Id.* at 4).

Based on these allegations, the Amended Complaint sets forth claims for: (1) Violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) Invasion of Privacy under Nevada

1  law; (3) Negligent Violations of the Telephone Consumer Protection Act ("TCPA"); and (4)
2  Knowing and Willful Violations of the TCPA.
3      In the instant Motion, Defendant SMA argues that all of Plaintiff's claims should be
4  dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons discussed
5  herein, the Court grants the Motion as to Count II, but denies it as to all the other Counts in the
6  Amended Complaint.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     DISCUSSION

In its Motion, Defendant SMA argues that all of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address each of the claims in turn.

#### A.     Violations of the FDCPA

Defendants argue the actions alleged in the Amended Complaint are not sufficiently egregious to constitute violations of the FDCPA. In assessing Plaintiff's FDCPA claims, the Court takes note that, "The FDCPA measures a debt collector's behavior according to an objective 'least sophisticated debtor' standard, . . . ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking, and the credulous." *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 952 (9th Cir. 2011).

After assessing the claims, the Court finds that Plaintiff has sufficiently alleged that Defendants violated 15 U.S.C. §§ 1692d, 1692e, and 1692f.

Section 1692d provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  This section also includes a non-exhaustive list of violations, which includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.*  "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made. *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).  Acts which have been found to violate this section include placing six calls to a debtor in the span of twenty-four minutes, *Kuhn v. Account Control Tech., Inc*., 865 F. Supp. 1443, 1453 (D. Nev. 1994), and calling a debtor four dozen times in one year. *Joseph v. J.J. MacIntyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1165 (N.D. Cal. 2003).

In this case, Plaintiff alleges that he received fifteen debt-collection calls in the thirty-three day span between January 25, 2013, and February 26, 2013. (Am. Compl. at 3).  Eight of these phone calls were allegedly placed between February 11, 2013, and February 12, 2013. (*Id.*).  Fifteen calls in thirty-three days exceeds the call frequency that was found to violate § 1692d in *Joseph*.  Furthermore, while eight calls in two days does not rise to the same level of harassment as the six calls in twenty-four minutes that were the basis of *Kuhn*, the Court finds that a reasonable person could conclude that such a frequency of calls has the natural effect of harassing, oppressing, or abusing a debtor.  Therefore, Plaintiff has sufficiently stated a claim under § 1692d.

Section 1692e provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e.  Examples of conduct which violates this section include "[T]hreatening to take any action that cannot legally be taken or that is not intended to be taken," and making a "false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to . . . become subject to any practice prohibited by this subchapter." 15 U.S.C. § 1692e(5)-(6).  The FDCPA also states that a debt collector may not continue calling after receiving a written request from a debtor that such calls be ceased. 15 U.S.C. § 1692c.

Plaintiff alleges that during the course of the debt collection calls, Defendants told him that they had "the right to call anyone who refuses to pay their debts," that Plaintiff had "no rights under the FDCPA," and that Defendants would "send the debt to another collector who [would] keep calling" if they stopped calling Plaintiff themselves. (Am. Compl. at 4).  Given that the FDCPA explicitly gives debtors the ability to stop debt-collection calls and prohibits debt collectors from implying that a debt will be transferred in order to evade its requirements, it is apparent that Defendants' alleged statements misrepresented Plaintiff's rights under the FDCPA.  Therefore, the Court finds that Plaintiff has sufficiently alleged that Defendants used false, deceptive, or misleading representations in connection with the collection of the debt at issue.  Accordingly, the Motion to Dismiss will be denied as to Plaintiff's claim under § 1692e.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Defendants argue that Plaintiff has failed to state a claim under this section because "the Amended Complaint does not cite to any subsection" that was violated by Defendants' alleged actions. (Mot. 8:3-13, ECF No. 21). However, this argument fails to consider that the "subsections" of 1692f are merely examples in a nonexhaustive list of potential violations, similar to those included in 1692d and 1692e.  Indeed, this list is prefaced by the statement: "*Without limiting the general application of the foregoing*, the following conduct is a violation of this section," clearly indicating that actions not specifically listed may still constitute violations. 15 U.S.C. § 1692f (emphasis added).

1  Therefore, despite the fact that 1692f does not specifically discuss misleading a debtor about
2  his rights under the FDCPA, threatening to induce a different party to call the debtor, or
3  refusing to provide details about the debt, a reasonable jury could find that such acts constitute
4  unfair or unconscionable debt collection tactics.  Thus, Plaintiff has sufficiently stated a claim
5  pursuant to 15 U.S.C. § 1692f.

**B.     Invasion of Privacy Claims**

Defendants argue that the Amended Complaint fails to state a claim for Unreasonable Intrusion upon Seclusion or Unreasonable Publicity Given to Private Facts.  Under Nevada law, a claim for Unreasonable Intrusion upon Seclusion requires "(1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person." *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994) (citing *People for the Ethical Treatment of Animals v. Berosini*, 867 P.2d 1121, 1130 (Nev. 1994)).

*Kuhn* held that a six collection calls to a debtor's workplace in a single day served as a sufficient basis for an intrusion upon seclusion claim because the debtor "had a reasonable expectation to be free from excessive and abusive phone calls at her place of work." *Id.* at 1449.  In the instant case, the Amended Complaint does not specify when the calls were placed or where Plaintiff was when he received the calls.  Therefore, Plaintiff has failed to plausibly allege that Defendants intruded upon his solitude or seclusion, and the Court will dismiss this claim without prejudice.

Similarly, a claim for Unreasonable Publicity Given to Private Facts requires "that a public disclosure of private facts has occurred which would be offensive and objectionable to a reasonable person of ordinary sensibilities." *Kuhn*, 865 F. Supp. at 1448 (citing *Montesano v. Donrey Media Group,* 668 P.2d 1081, 1084 (Nev. 1983), *cert. denied,* 466 U.S. 959 (1984)).  The Amended Complaint fails to allege that Defendants made disclosures to anyone other than

1 Plaintiff.  Accordingly, this claim will be dismissed without prejudice.

2     **C.**    **TCPA Claims**

3     The TCPA prohibits calls using an automatic telephone dialing system, artificial voice, or prerecorded voice to any cell phone number unless the recipient has given express consent or the call is for emergency purposes. 47 U.S.C. § 227(b).  Though this provision was designed, in part, to prevent charges for unwanted calls, *In re Rules & Regs. Implementing the TCPA*, 23 F.C.C.R. 559, 562 (2008), such calls are prohibited even if they do not cause a consumer to incur additional charges, *see Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013) (citing 47 U.S.C. § 227(b)(1)(A)(iii).

    Defendants assert that Plaintiff's claims for negligent and willful violations of the TCPA should be dismissed because Plaintiff expressly consented to receive calls to his cell phone regarding the debt.  In support, Defendants have provided a document that purports to be a record from the original holder of the debt, which lists, *inter alia*, Plaintiff's name and cell phone number. (Ex. A to Defs.' Mot., ECF No. 21-1).

    The Court finds Defendants' argument to be premature.  The Ninth Circuit has stated that express consent "is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (citing *Implementing the TCPA*, 23 F.C.C.R. at 565).  Therefore, Defendants' assertion that Plaintiff gave express consent is not relevant to the question of whether Amended Complaint states sufficient claims for relief under the TCPA. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper."); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the

1 complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

2    Furthermore, even if the Court could properly consider evidence of express consent at
3 this stage, the document put forward by Defendants does not raise an inference that Plaintiff
4 voluntarily gave his phone number to be used in connection with the debt.  Indeed, while this
5 document includes Plaintiff's name and phone number as well as various other personal
6 information, the document does not indicate how Plaintiff intended that the information be
7 used, or even whether Plaintiff provided the information himself.

8    Accordingly, the Court will deny the Motion insofar as it requests dismissal of
9 Plaintiff's TCPA claims.

10 **IV.**  **<u>CONCLUSION</u>**

11    **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 21) **is GRANTED**
12 **in part and DENIED in part**, pursuant to the foregoing.

13    **DATED** this 4th day of November, 2014.

15 _____

16    Gloria M. Navarro, Chief Judge
    United States District Court