UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tim Toth,<br><br>    Plaintiff,<br><br>vs.<br><br>Stephens and Michaels Associates, Inc.; and Maegan Jaffarian,<br><br>    Defendants. | Case No.: 2:13-cv-0372-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 39), filed by Plaintiff Tim Toth. Defendant Stephens and Michaels Associates, Inc. ("SMA") filed a Response, (ECF No. 42), to which Plaintiff Toth replied, (ECF No. 45).

Also before the Court is Defendant SMA's Counter Motion for Summary Judgment, (ECF No. 42), to which Plaintiff Toth responded, (ECF No. 45). For the reasons set forth herein, the Court will grant Defendant SMA's Counter Motion and enter judgment in favor of Defendant SMA.

**I.    BACKGROUND**

This case centers upon allegations that Plaintiff Toth was harassed by Defendant Maegan Jaffarian during a debt collection phone call. (Am. Compl., ECF No. 17). Specifically, the evidence on the record indicates that Plaintiff Toth received a call from a number he did not recognize on February 28, 2013. (Transcript of 2.28.13 Recording, ECF No. 39-5). Upon calling the number back, Plaintiff Toth reached Defendant Jaffarian, an employee of Defendant SMA. (*Id.*). After introducing herself and verifying Plaintiff Toth's identity, Defendant Jaffarian stated that Defendant SMA had called on behalf of "CP Medical" in regard to "a past due balance with Lancaster Regional Medical Center." (*Id.*). Plaintiff Toth then asked

Defendant Jaffarian to repeat the name of the party she represented. (*Id.*). As Defendant Jaffarian attempted to explain Defendant SMA's relationship to the debt, she was interrupted five separate times by Plaintiff Toth who repeatedly interjected that he did not know who Defendant Jaffarian was and that he did not wish to receive calls in the future. (*Id.*). In response to these interruptions, Defendant Jaffarian asked questions such as, "Why are you avoiding this?" and made statements including, "I am trying to tell you but you do not want to hear it." (*Id.*).

Toward the end of the phone call, Plaintiff Toth accused Defendant Jaffarian of violating the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act. (*Id.*). Plaintiff Toth also stated that Defendant Jaffarian did not have permission to call his cell phone, to which Defendant Jaffarian responded, "Sir, if you owe $1200 to someone they don't need permission to call you." (*Id.*) Plaintiff Toth then said, "I know my rights," to which Defendant Jaffarian answered, "All right. Obviously you don't want to pay your bill, which is perfectly fine. I am just going to notate that accordingly. I will restrict the phone calls. But I mean it's going to get recalled from our office go to another collection agency and they will start calling you. Just because you don't want to hear that you owe $1200 does not mean—" at which time she was again interrupted by Plaintiff Toth who repeated that he did not know who Defendant Jaffarian was and that he did not wish to receive phone calls. (*Id.*). The transcript then indicates that Defendant Jaffarian attempted to confirm Plaintiff Toth's mailing address, and the call ended immediately thereafter. (*Id.*).

The Amended Complaint sets forth a claim against Defendant Jaffarian and Defendant SMA for violations of Sections 1692d, 1692e, and 1692f of the Fair Debt Collection Practices Act. In the instant Motions, Plaintiff Toth and Defendant SMA each argue that they are entitled to summary judgment.

/ / /

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

### III. DISCUSSION

As an initial matter, the Court notes that, "The FDCPA measures a debt collector's behavior according to an objective 'least sophisticated debtor' standard, . . . ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking, and the credulous." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

In the instant Motion, Plaintiff Toth and Defendant SMA each argue that they prevail as

a matter of law as to the claim that Defendants violated Sections 1692d, 1692e, and 1692f of the FDCPA.  The Court will assess the arguments pertaining to each of these sections in turn.

### A.   FDCPA Section 1692d

Section 1692d of the FDCPA provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  This section also contains a non-exhaustive list of violations, which includes "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person," and "the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* at § 1692d(1) and (2).  The Eleventh Circuit has observed that this section embodies the general notion that, "[E]very individual, whether or not he owes [a] debt, has a right to be treated in a reasonable or civil manner." *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985) (internal quotation omitted).

It is evident from the transcript of the February 28, 2013 phone call that none of Defendant Jaffarian's statements were harassing, oppressive, or abusive to Plaintiff Toth. Defendant Jaffarian spent nearly the entire conversation simply attempting to explain, through frequent interruptions, Defendant SMA's relationship with Plaintiff Toth's debt. (Transcript of 2.28.13 Recording, ECF No. 39-5).  Her question, "Sir, why are you avoiding this?" did not ring of any threat, profanity, or intimidation. (*Id.*).  Even after Plaintiff Toth had repeatedly accused her of violating the law, Defendant Jaffarian remained respectful by stating, "Obviously you do not want to pay your bill, which is perfectly fine. I am just going to notate that accordingly." (*Id.*).  Therefore, after reviewing the transcript in its entirety, the Court finds that no reasonable jury could conclude that Defendant SMA engaged in any conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff Toth.  Thus, summary judgment is warranted as to Plaintiff Toth's allegations that Defendant SMA violated 15 U.S.C.

§ 1692d.

### B. FDCPA Section 1692e

Section 1692e of the FDCPA provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Examples of conduct which violates this section include "threatening to take any action that cannot legally be taken or that is not intended to be taken," and making a "false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to . . . become subject to any practice prohibited by this subchapter." 15 U.S.C. § 1692e(5)-(6). The FDCPA also states that a debt collector may not continue calling after receiving a written request from a debtor that such calls be ceased. 15 U.S.C. § 1692c.

Plaintiff Toth claims that Defendant Jaffarian made false representations when she stated, "Sir, if you owe $1200 to someone they don't need permission to call you," and, in reference to the debt, "[I]t's going to get recalled from our office and go to another collection agency and they will start calling you." (Pl.'s MSJ 15:12-19). However, Plaintiff Toth fails to explain how these statements were false. There is no evidence to suggest that Defendants received a written request from Plaintiff Toth to cease collection calls. Furthermore, the Court is unaware of any law which prohibits debt collectors from making collection calls without permission from a debtor. Therefore, the Court finds that no reasonable jury could conclude that Defendant Jaffarian's statement that she did not require permission to call Plaintiff Toth was a false, deceptive, or misleading representation.

Concordantly, there is no evidence indicating that Defendant Jaffarian did not earnestly believe that the debt would subsequently be transferred to another collection agency that would make calls to Plaintiff Toth. As Defendants had not received a written request to cease collection calls, it would not have been impermissible for a different debt collector, after

obtaining an interest in the debt, to make collection calls to Plaintiff Toth.  Therefore, the Court finds that no reasonable jury could conclude that Defendant Jaffarian's statement regarding the transfer of the debt to another agency was a false, deceptive, or misleading representation.  Thus, summary judgment is warranted as to Plaintiff Toth's allegations that Defendant SMA violated 15 U.S.C. § 1692e.

### C.  FDCPA Section 1692f

Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Plaintiff Toth, without elaborating, argues that Defendants violated this section by: (1) misleading him about his rights under the FDCPA, (2) threatening to induce a different party to call him, and (3) refusing to provide details about the debt. (Pl.'s MSJ 16:8-13).  Though the Amended Complaint sufficiently alleges that Defendant Jaffarian engaged in such impermissible conduct, (Order 6:4-5, ECF No. 35), Plaintiff Toth has failed to provide any evidence to support these allegations.  In fact, the transcript of the February 28, 2013 phone call makes clear that Defendant Jaffarian: (1) did not make any comments regarding Plaintiff Toth's rights under the FDCPA, (2) merely advised Plaintiff Toth that another debt collector would call if Defendant SMA did not collect upon the debt, and (3) spent the majority of the conversation attempting to inform Plaintiff Toth about the details of the debt. (Transcript of 2.28.13 Recording).  Therefore, Plaintiff Toth has failed to raise a genuine dispute of material fact regarding his allegations that Defendants violated Section 1692f of the FDCPA, and the Court finds that summary judgment is warranted as to this aspect of his claim.

### IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff Toth's Motion for Summary Judgment, (ECF No. 39), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant SMA's Motion for Summary Judgment,

1  (ECF No. 42), is **GRANTED**.

2  **IT IS FURTHER ORDERED** that judgment shall be entered in favor of Defendant

3  Stephens and Michaels Associates, Inc..

4  **DATED** this 5th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court